IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02270-BNB

JENNIFER DIANE HARRIS,

    Applicant,

v.

RICK RAEMISCH, Executive Director of the Colorado Dep't of Corrections,
DONA K. ZAVISLAN, Warden of Denver Women's Correctional Facility, and
THE ATTORNEY GENERAL OF THE COLORADO DEPARTMENT OF
    CORRECTIONS,

    Respondents.

---

ORDER TO FILE PRELIMINARY RESPONSE

---

    Applicant, Jennifer Diane Harris, is a prisoner in the custody of the Colorado Department of Corrections, who currently is incarcerated at the Denver Women's Correctional Facility in Denver, Colorado. Applicant, acting *pro se*, initiated her action by filing a Motion for Equitable Tolling asking that the state exhaustion requirement be waived so she could file a 28 U.S.C. § 2254 action in this Court. The Court entered an order directing Applicant to file her claims on a Court-approved form used in submitting § 2254 actions. Applicant complied on September 3, 2013.

    The Court now has reviewed Applicant's claims and finds the claims more properly are raised in a 28 U.S.C. § 2241 action.

As part of the preliminary consideration of the § 2241 Application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate.  Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.  If Respondents do not intend to raise either of these affirmative defenses, Respondents must notify the Court of that decision in the Preliminary Response. Respondents may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether she has pursued her claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.  Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondents shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the**

**Preliminary Response** Applicant may file a Reply, if she desires.  It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondents must notify the Court of that decision in the Preliminary Response.

Dated:  September 11, 2013

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge