IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv–02270-BNB

JENNIFER DIANE HARRIS,

      Applicant,

v.

RICK RAEMISCH, Executive Director of the Colorado Department of Corrections,
DONA K. ZAVISLAN, Warden of Denver Women's Correctional Facility, and
THE ATTORNEY GENERAL OF THE COLORADO DEPARTMENT OF
      CORRECTIONS,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant is a Colorado Department of Corrections (DOC) inmate, who is

incarcerated at the Denver Women's Correctional Facility in Denver, Colorado.

Originally, Applicant filed a Motion for Equitable Tolling pursuant to 28 U.S.C. § 2254.

On August 23, 2013, Magistrate Judge Boyd N. Boland directed Applicant to file her

claims on a Court-approved form used in filing § 2254 actions.  Applicant complied on

September 3, 2013.  Magistrate Judge Boland reviewed the Application, determined

that Applicant was challenging the execution of her sentence, which is more properly

filed pursuant to 28 U.S.C. § 2241, and directed Respondents to file a Preliminary

Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d)

and/or exhaustion of state court remedies.  Respondents submitted a Preliminary

Response, ECF No. 11, on October 2, 2013.  Applicant filed a Reply, ECF No. 14, on

November 1, 2013, and a Supplement, ECF No. 15, on November 6, 2013.

The Court must construe liberally Applicant's filings because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court will dismiss the Application for the following reasons.

Prison discipline does not implicate a liberty interest that arises under the Due Process Clause itself because prisoners are not entitled to any particular degree of liberty. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *See Meachum*, 427 U.S. at 224. Therefore, the only pertinent question is whether the disciplinary convictions implicate a protected liberty interest that arises under state law. "For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Meek v. Jordan*, No. 13-1249, 2013 WL 4427200 at *2 (10th Cir. Aug. 20, 2013) (unpublished) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). An inmate must show that the punishment will "inevitably affect the duration of [her] sentence." *Sandin*, 515 U.S. at 487. Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the conditions increases the duration of confinement, and whether the conditions are indeterminate. *See DiMarco v.*

2

*Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

Applicant states in the Application she submitted on September 3, 2013, that as a result of the March 25, 2010 disciplinary conviction she received a total of thirty days in punitive segregation and was required to make restitution of $800.00.  She also claims in her Reply that on August 28, 2012, she was informed that she lost three months of earned time due to the March 25, 2010 disciplinary conviction.  Reply at 3.

The loss of certain privileges and being placed on restricted privileges status for periods of less than ninety days does not subject Applicant to an atypical and significant hardship in relation to the ordinary incidents of prison life.  *See, e.g., Grady v. Garcia*, No. 12-1151, 506 F. App'x 812, 814 (10th Cir. Jan. 3, 2013) (unpublished) (inmates placement on restricted privileged status for 105 days did not constitute an atypical and significant hardship when compared to the ordinary incidents of prison life); *Meek*, 2013 WL 4427200 at **2-3 (finding that sixty days in punitive segregation as a disciplinary sanction did not implicate a protected liberty interest).  Also, Applicant does not state a procedural due process violation if she received adequate notice of the restitution sanction.  *See Tenison v. Morgan*, 625 F. App'x 824, 826 n. 2 (10th Cir. 2013).  Applicant attached the Disposition of Charges statement to the original Motion that she filed in this action.  *See* Mot., ECF No.1 at 11.  The Disposition indicates that she had notice of the $800 restitution sanction on March 26, 2010, the date she signed the Disposition.  *Id.*

In the State of Colorado, the forfeiture of earned time credits pursuant to a prison disciplinary conviction does not implicate a constitutionally protected liberty interest

because, generally, earned time credits do not count as service of the inmate's sentence but, instead, serve only to establish parole eligibility.  *See Kailey v. Price*, 497 F. App'x 835, 835-36 (10th Cir. 2013) (citing *Jones v. Martinez*, 799 P.2d 385, 387–88 & n. 5 (Colo. 1990) (collecting cases)) and *Thiret v. Kautzky*, 792 P.2d 801, 805–07 (Colo. 1990) (only those inmates sentenced to a crime committed after July 1, 1979, but before July 1, 1985, are entitled to mandatory parole; for other offenders, parole is discretionary).  The loss of earned time credits for an inmate subject to discretionary parole does not inevitably affect the length of her confinement because the decision to release an inmate on parole "rests on a myriad of considerations."  *Sandin*, 515 U.S. at 487.

Respondents do not address Applicant's liberty interest in earned time and whether the  loss of earned time affects the length of her confinement.  Assuming Applicant did lose earned time credit as a result of the disciplinary proceeding and the length of her confinement is affected by the loss, federal habeas corpus review of her claims is appropriate.  Respondents, however, contend that the time for Applicant to exhaust her state court remedies has expired and the action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  Prelim. Resp., at 3-6.

The first issue is whether Applicant has exhausted her state court remedies.  "A habeas petitioner is generally required to exhaust state remedies whether [her] action is brought under § 2241 or § 2254."  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts."  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th

Cir. 2002).  This requirement "is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*, 404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus applicant to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Respondents assert that Applicant did not appeal the Denver District Court's denial of her Colo. R. Civ. P. 106.5 complaint, in which she challenged her disciplinary conviction, Prelim. Resp. at 4, and she did not appeal the Denver District Court's denial of her motion for reconsideration and reinstatement of the denial of the Rule 106.5 complaint, *id.*  Respondents further assert that Applicant's motion to exhaust filed on August 7, 2013, did not fairly present the federal issues to the state's highest court.  *Id.*

Applicant argues in her Reply that she has submitted "new evidence" and the

"Petition should be granted, concerning exhaustion for all claims." Reply at 6. She also argues that exhaustion is excepted if all available court remedies would be futile because of an absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant. *Id.* at 4. Applicant claims that (1) she is actually and factually innocent of the disciplinary charges and conviction based on new evidence; and (2) this Court must consider the evidence to determine if it is more likely than not that no reasonable juror would have convicted her in light of the new evidence. *Id.* at 5-6.

Applicant does not address why she failed to present to the state's highest court the claims that she raises in her Application. She also does not state if the state court motion filed on August 7, 2013, was decided or is pending nor does she explain how the filing of that motion waives all state remedies that were or are available to her.

A decision in a Rule 105.6 proceeding is appealable to the Colorado Court of Appeals (CCA). *See People v. Garcia*, 259 P.3d 531 (Colo. App. 2011) (the district court upheld prisoner's administrative segregation placement and the prisoner appeal to the CCA); *see also Phillips v. Executive Director, Colo. Dep't of Corrections*, 251 P.3d 1176 (Colo. App. 2010) (appeal of the district court's judgment affirming prisoner's disciplinary conviction). Applicant had a remedy available that she did not exhaust, and she has failed to assert that the process is ineffective or show circumstances that render such process ineffective to protect her rights and exhaustion is futile.

Second, the Court is not required to consider the evidence to determine if it is more likely than not that no reasonable juror would have convicted her in light of the new evidence as suggested by Applicant. "Prison disciplinary proceedings are not part

of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Finally, a claim of newly discovered evidence of innocence may excuse a procedural default, *see Murray v. Carrier*, 143 F.3d 1313, 1317 (10th Cir. 1998), but the "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare," *see Schlup v. Delo*, 513 U.S. 298, 324 (1995).  An applicant must present newly discovered evidence that is reliable and based on exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial.  *Id.*

Nothing Applicant asserts in her Reply sets forth reliable evidence.  Applicant's claims are conclusory and vague.  Applicant states that pursuant to her criminal proceeding she discovered evidence was suppressed, misleading, and not preserved. Reply at 6-7.  Applicant also asserts that inconsistent statements were made in her criminal proceeding by a State witness and blood was found on the alleged victim and her right pinky finger was swollen at the base of the finger, which showed the victim was in a fight but not with Applicant. *Id.* at 7.

The some evidence standard in a disciplinary proceeding is not subject to the full panoply of rights due a defendant in a criminal proceeding.  "Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Hill*, 472 U.S. at 455-56; *see Mitchell*, 80 F.3d at 1445.  The disciplinary decision will be upheld even if the evidence

7

supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457).  Applicant's acquittal in her criminal proceeding does not establish her innocence in the disciplinary proceeding where the threshold is based on some evidence. Applicant, therefore, has failed to state a basis for overriding any procedural default or waiving the requirement to exhaust state court remedies.

Next, the Court will address Respondents' time-bar argument.  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents assert that Applicant was required to have filed this action within

one year of the date the judgment became final, either by conclusion of direct review or

the expiration of the time for seeking such review.  Prelim. Resp. at 5-6.  The Denver

District Court affirmed Applicant's disciplinary conviction on January 12, 2011, and

Applicant was required to file a direct appeal no later than forty-five days after the

district court's decision, or by February 28, 2011. *Id.* at 6.  Respondents conclude that

pursuant to § 2244(d), Applicant was required to file this action by February 28, 2012,

and because she did not file this action until August 22, 2013, the action is time-barred.

*Id.*  Alternatively, the disposition of the motion to reconsider by the Denver District Court

could have extended the tolled time until April 28, 2012, when the time ran for Applicant

to appeal the denial of the motion, but the filing of this action still is untimely because

Applicant did not file this action until August 22, 2013, well past April 28, 2013, when the

time ran for purposes of § 2244(d).  *Id.*

Applicant contends that this action is not time-barred because criminal charges

were filed against her that stemmed from the disciplinary conviction; the criminal

charges were not dismissed until September 7, 2012; and she filed this action within a

year from the dismissal of the criminal proceeding.  Reply at 6.  Applicant also asserts

that the pending criminal proceeding was an impediment to her filing a timely application

in this court regarding the disciplinary conviction.  Reply at 6.  She includes her actual

innocence argument in support of her argument that she is not time-barred.

The criminal proceeding is separate from Applicant's disciplinary proceeding.

The proceedings may involve the same incident, but Applicant was not precluded from

exhausting her state court remedies in her disciplinary proceeding while her criminal

proceeding was pending.  Applicant's disciplinary proceedings are not part of a criminal

prosecution.  *See Wolff*, 418 U.S. at 556.  The Court, therefore, finds that Applicant's challenges to the sufficiency of the  evidence in her disciplinary proceeding are time-barred.

The Court, however, will refrain from deciding the merits and timeliness of Applicant's delayed loss of earned time claim.  Applicant does not raise this claim in the Application.  Only in an attached document to the Motion for Equitable Tolling, Motion at 34, that is directed to DOC Executive Director, is there a brief statement that she seeks restoration of the earned time that was taken as a result of the March 25, 2010 disciplinary conviction.  Applicant asserts that she first learned of the loss on August 28, 2012.  Reply at 3.  Nothing Applicant asserts in the Reply indicates that she has exhausted any available state court remedies with respect to this claim.  Applicant states that she wrote a "missive" to the DOC Executive Director requesting that he expunge her conviction and reimburse the $800 restitution that she was required to pay as part of the sanction but the Director did not respond.  Reply at 3.  Applicant also asserts she requested an interview with the Director, which was denied, and she then filed a motion for exhaustion requirement in the Denver District Court on August 8, 2013.  *Id.*  The motion for exhaustion does not address the alleged delay in loss of earned time credits.  Motion for Equitable Tolling at 4.  The Application is clear on its face that the earned time claim is not exhausted, and the Court will dismiss the claim without prejudice.  *Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009) (dismissal proper because failure to exhaust was clear from the face of the petition).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma paupers* status is denied

for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pampers* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed with prejudice in part with respect to Applicant's sufficiency of evidence claim and in part without prejudice with respect to Applicant's earned time credit claim.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pampers* on appeal is denied.

DATED at Denver, Colorado, this  19th  day of ___December_____, 2013.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court